**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CONSECO INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                                       **Case No.  8:06-cv-462-T-30EAJ**

**MYRA CLARK and JOSPEH DAL
COMPO,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Myra Clark's Answer to Joseph Dal Compo's Claim for Proceeds and Motion to Dismiss Cross-Claims Against Myra Clark (Dkt. #18), and Defendant Joseph Dal Compo's Response to Defendant Myra Clark's Motion to Dismiss Joseph Dal Compo's Cross-Claims Against Myra Clark (Dkt. #19).  The Court, having considered the motion, response, pleadings, and being otherwise advised in the premises, finds that Co-Defendant/Cross-Defendant Myra Clark's motion to dismiss should be granted in part and denied in part as stated herein.

**Background**

Co-Defendant/Cross-Claimant Joseph Dal Compo ("Dal Compo") brings the following cross-claims against Co-Defendant/Cross-Defendant Myra Clark ("Clark"): (1) Breach of Fiduciary Duty; (2) Fraud; (3) Civil Conspiracy; (4) Exploitation of an Elderly Person; and (5) Tortious Interference With Expectancy.  In his Cross-Complaint against

Clark, Dal Compo alleges, in pertinent part, that: Dal Compo was the beneficiary of seven annuity contracts that were issued to his uncle, Anthony Jeski, and later internally exchanged by Clark and converted into CONSECO policy numbers 784326, 784327, 784328 and EA 000066 (the "CONSECO annuity contracts"); through misrepresentation, fraud, and a breach of her fiduciary duty, during the internal exchange Clark changed the named beneficiary of the CONSECO annuity contracts from Dal Compo's name to her own name; Michael Clark, Myra Clark's husband, was the writing agent that sold all the original seven annuity contracts to Anthony Jeski; Michael Clark was also the writing agent who performed the internal exchange of the seven initial contracts for the four CONSECO annuity contracts in dispute; the CONSECO annuity contracts (with a total value of $342,177.58) named Myra Clark as the sole beneficiary; in 1994 (Jeski was 78 years old), Anthony Jeski provided copies to Dal Compo of the original seven annuity contracts that were improperly exchanged by Clark for CONSECO annuity contracts in 2002; all of the initial seven annuity contracts named Dal Compo as the sole beneficiary; Dal Compo was also named as a beneficiary in Jeski's living trust and in Jeski's Prudential insurance contract; in 2002, Anthony Jeski was 86 years old and had been living in a nursing home for more than 5 years; Myra Clark acted as Jeski's power of attorney from 1997 to 2005; Anthony Jeski lacked the mental capacity to consent to any change of the beneficiary on the annuity contracts, living trust or Prudential insurance policy in 2002; Clark misrepresented herself to persons in Florida to be Jeski's "daughter"; Clark falsely identified herself as Jeski's "daughter" on forms and to staff at Jeski's nursing home; Clark made medical and financial decisions based upon the false representation of

being Jeski's daughter; only annuity policies known to Clark had a beneficiary change in favor of Myra Clark; other annuity contracts that Anthony Jeski obtained through other sources listed Dal Compo as the sole beneficiary and were never changed; in 2002, a condominium owned by Jeski was quit claimed to Michael and Myra Clark for $11.00; also in 2002, Myra Clark added herself as a beneficiary to Jeski's living trust and removed Dal Compo, thus interfering with Dal Compo's expected disbursement in the amount of $40,000 from property contained in the trust; Anthony Jeski died on December 31, 2005; at no time prior to February 2006, was Dal Compo informed of any intent on the part of his uncle to change the beneficiary on the annuity contracts, insurance policy or living trust.

Defendant, Myra Clark, seeks to dismiss Counts I through V of Dal Compo's Cross-Claims pursuant to Fed.R.Civ.P. 12(b)(6).

## Standard of Review Under 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint to determine whether it sets forth sufficient allegations to establish a claim for relief. *O'Keefe v. Darnell*, 192 F.Supp.2d 1351, 1354 (M.D. Fla. 2002). A district court should not dismiss a complaint for failure to state a claim solely on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). Additionally, when deciding a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff and accept the truthfulness of well-

pleaded facts. *See Warth v. Seldin*, 422 U.S. 490 (1975); *see also Beck v. Deloitte et al.*, 144 F.3d 732, 735-36 (11th Cir. 1998).

## Discussion

**I.     Count I - Breach of Fiduciary Duty.**

Clark argues that Dal Compo's breach of fiduciary duty claim must fail because Dal Compo fails to allege: (I) how Clark exercised the Power of Attorney to improperly facilitate the transfer of assets; (ii) that Clark owes a duty of care to Dal Compo; and (iii) that Dal Compo would have inherited the condominium if not for the acts of Clark. Further, Clark argues that Dal Compo lacks standing to bring a claim for breach of fiduciary duty against Clark. In response, Dal Compo argues that he properly alleges that Clark owes him a fiduciary duty pursuant to the power of attorney under Fla. Stat. 709.08.[1]

The elements of a breach of fiduciary duty claim are as follows: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damages proximately caused by that breach. *See Border Collie Rescue, Inc. v. Ryan*, 418 F.Supp.2d 1330 (M.D. Fla. 2006), citing *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002).

Chapter 709 of the Florida Statutes specifically addresses the powers and duties which stem from a durable power of attorney. Section 709.08, states, in pertinent part:

> (8) STANDARD OF CARE.-Except as otherwise provided in paragraph 4(e), an attorney in fact is a fiduciary who must observe the standards of care

---

[1] Dal Compo has not attached a copy of the power of attorney at issue, thus the Court is unable to ascertain what powers were granted to Clark under the same. For purposes of addressing this motion, the Court assumes that the power of attorney at issue was a "durable power of attorney" as addressed in Fla. Stat. 709.08.

> applicable to trustees as described in s. 737.302.  The attorney in fact is not liable to third parties for any act pursuant to the durable power of attorney if the act was authorized at the time.  If the exercise of the power is improper, the attorney in fact is liable to interested persons as described in s. 731.201 for damage or loss resulting from a breach of fiduciary duty by the attorney in fact to the same extent as the trustee of an express trust.

Section 737.302, entitled "Trustee's standard of care and performance," states, in pertinent part:

> Except as otherwise provided by the trust instrument, the trustee shall observe the standards in s. 518.11 regarding investments by fiduciaries when dealing with the trust assets.

Additionally, section 737.303(4)(b) specifically defines the term "beneficiary" to mean: "(1) All current income or principal beneficiaries, whether discretionary or mandatory; and (2) All reasonably ascertainable remainder beneficiaries who would take if all income interests immediately terminated."

Based on an analysis of the above statutory language, an attorney in fact, such as Myra Clark, is a fiduciary who must observe the standards of care applicable to trustees. Further, if the exercise of the power of attorney by Clark is improper, she is liable to interested persons for damage or loss resulting from a breach of her fiduciary duty to the same extent as the trustee of an express trust.  As a beneficiary of the annuity contracts and living trust, Dal Compo is an interested person to whom Clark would potentially be liable for an improper exercise of power.

Dal Compo sufficiently pleads that Clark owed him a fiduciary duty; that Clark breached such duty; and that Dal Compo incurred damages proximately caused by such

breach.  Accordingly, the Court concludes that Dal Compo sufficiently pleads facts supporting a cause of action for breach of a fiduciary duty.  Thus, Clark's motion to dismiss Count I of Dal Compo's Cross-Complaint is denied.

## II.     Count II - Fraud.

Clark argues that Dal Compo's fraud claim must fail because Dal Compo has failed to meet the pleading requirements of Fed.R.Civ.P. 9(b).  Rule 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Under Florida law, "the essential elements of common law fraud are: (1) a false statement of fact, (2) known by the person making the statement to be false at the time it was made, (3) made for the purpose of inducing another to act in reliance thereon, (4) action by the other person in reliance on the correctness of the statement, and (5) resulting damage to the other person." *Gandy v. Trans World Computer Technology Group*, 787 So.2d 116, 118 (Fla. 2d DCA 2001).

In his Cross-Complaint, Dal Compo alleges that Clark made a false statement to third parties that she was Jeski's daughter.  Dal Compo also alleges that Clark told others that she was Jeski's daughter in order to induce them to allow her to make financial and medical decisions on behalf of Jeski.  However, Dal Compo has not alleged that such statements were made to him, that he acted in reliance on the correctness of such statements or that such statements were made to the insurance company.  Thus, Dal Compo fails to plead an essential

element of common law fraud. Accordingly, Clark's motion to dismiss Count II of Dal Compo's Cross-Complaint is granted without prejudice.[2]

### III.    Count III - Civil Conspiracy.

Clark argues that Dal Compo's civil conspiracy claim must be dismissed for failing to allege the necessary elements required to support such a claim.

To state a claim for civil conspiracy under Florida law, a plaintiff must allege: (1) an agreement among two or more parties; (2) the doing of an unlawful act or a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. *Haskins v. R.J. Reynolds Tobacco Company*, 995 F.Supp. 1437, 1440 (M.D. Fla. 1998).

Dal Compo alleges that Myra Clark and her husband made an agreement to exchange Jeski's annuity contracts naming Dal Compo as the sole beneficiary for annuity contracts naming Myra Clark as the sole beneficiary. Additionally, Dal Compo alleges that prior to 1994 Michael Clark sold Jeski an insurance policy from Prudential naming Dal Compo as the sole beneficiary, and that in 2002, Myra Clark and her husband conspired to modify the insurance policy to name Myra Clark as the sole beneficiary. Finally, Dal Compo claims that he has incurred damages as a result of such civil conspiracy and overt acts by Myra Clark and her husband.

---

[2] If through discovery Dal Compo is able to obtain specific facts supporting a cause of action for fraud, then at such time and upon leave of Court Dal Compo may amend.

Based on a review of the allegations contained and incorporated within Count III, the Court concludes that Dal Compo sufficiently pleads facts supporting a cause of action for civil conspiracy.  Thus, Clark's motion to dismiss Count III of Dal Compo's Cross-Complaint is denied.

## IV.     Count IV - Exploitation of an Elderly Person.

Clark argues that Dal Compo's exploitation of an elderly person claim must be dismissed for failing to provide the required demand as provided under Fla. Stat. §772.11(1).

Section 772.11(1) states, in pertinent part:

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss.812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.  Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section.  If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making written demand.

Dal Compo admits that pre-suit notice was not provided pursuant to §772.11, because Dal Compo was unsure of his specific damages at the time of filing his Cross-Complaint. However, it appears from a review of the Complaint for Interpleader (Dkt. #1) filed by CONSECO that CONSECO has provided an amount certain in relation to the annuity contracts at issue.  CONSECO admits that proceeds in the amount of $342,177.58 (current through March 31, 2006), are now due and payable.  Further, Dal Compo admits knowledge

of the following damages: the sale of Jeski's condominium for $158,000.00 and a living trust disbursement in the amount of $40,000. Thus, it appears that the only unknown variable is the specific amount of insurance proceeds received by Clark pursuant to the Prudential insurance contract.

Upon a review of these proceedings, the Court concludes that Dal Compo should be granted leave to: issue the pre-suit notice required by Fla. Stat. §772.11 and amend his pleadings in order to remedy the deficiencies of the current pleadings.[3] Accordingly, Clark's motion to dismiss Count IV is granted without prejudice.

## V.     Count V - Tortious Interference With Expectancy.

Clark argues that Dal Compo's tortious interference with an expectancy must be dismissed because Dal Compo has failed to allege that he has no adequate remedy in a probate proceeding.

To state a claim for tortious interference with an expectancy under Florida law, a plaintiff must allege: (1) the existence of an expectancy; (2) intentional interference with the expectancy through tortious conduct; (3) causation; and (4) damages. *Whalen v. Prosser*, 719 So. 2d 2, 5 (Fla. 2d DCA 1998), citing *Davison v. Feuerherd*, 391 So.2d 799 (Fla. 2d

---

[3] Dal Compo raises a concern that he is currently unable to ascertain the extent of damages that he has incurred as a result of Clark's improper actions, and thus, he requires more time to discover his damages prior to fulfilling the requirements of Fla. Stat. §772.11. The Court suggests, to the extent Dal Compo is unsure of other potential damages incurred as a result of Clark's exploitation (i.e. the Prudential insurance policy), that Dal Compo consider conducting discovery and, if necessary, then request leave of court to further amend his pleadings prior to the dispositive motion deadline designated by this Court within its Case Management and Scheduling Order (Dkt. #14).

DCA 1980). Nevertheless, in *Dewitt v. Duce*, the Supreme Court of Florida stated, "[I]f adequate relief is available in a probate proceeding, then that remedy must be exhausted before a tortious interference claim may be pursued." *Dewitt v. Duce*, 408 So.2d 216, 2178 (Fla. 1981). Under this principle, Dal Compo's tortious interference with an expectancy claim may proceed only if some factor in the instant case precludes adequate relief in a probate estate. *See Neumann v. Wordock*, 873 So.2d 502, 504 (Fla. 2d DCA 2004).

Upon a review of Dal Compo's Cross-Complaint against Clark, the Court concludes that Dal Compo sufficiently pleads facts necessary to state a claim for interference with an expectancy. First, Dal Compo pleads facts supporting the existence of an expectancy by alleging that seven annuity contracts and an insurance policy existed naming him as a sole beneficiary, as well as the existence of a living trust which expressly stated that Dal Compo was to receive the amount of $40,000 from property contained within the trust. Second, Dal Compo pleads facts supporting an intentional interference with Dal Compo's expectancy through tortious conduct by Clark, by alleging that Clark: obtained a power of attorney and then exchanged all seven annuity contracts for four new annuity contracts naming Myra Clark as the sole beneficiary; modified the existing Prudential insurance contract naming herself as the sole beneficiary in place of Dal Compo; and removed Dal Compo as a beneficiary of the trust in favor of herself. Third, Dal Compo alleges causation by pleading: if not for Clark's interference, Dal Compo would have received all the proceeds from the CONSECO annuity contracts, the Prudential insurance policy, and the living trust upon Jeski's death. Finally, Dal Compo alleges that he has incurred damages in the amount of the

value of the CONSECO annuity contracts, the Prudential insurance policy, and the living trust.

Clark has argued that Dal Compo fails to plead that he expected to receive ownership of the condominium, or that Dal Compo is Jeski's sole living heir and expected to receive such real property by intestate succession. In this respect, Clark's argument is well-taken. To the extent that Dal Compo seeks to pursue relief in relation to the transfer of the condominium, such relief is unavailable in these proceedings. In order to reverse the transfer of real property, Jeski's probate estate would be the proper party to pursue a cause of action attacking the validity of the deed. In the event the quit claim deed at issue was deemed invalid, the ownership of the property would revert to Anthony Jeski's probate estate, not Dal Compo.

Thus, the Court concludes that Dal Compo has stated a cause of action against Clark based on interference with an expectancy claim in relation to the CONSECO annuity contracts, the Prudential insurance contract, and the living trust. However, the Court concludes that Dal Compo has not, and cannot, state a cause of action against Clark based on interference with an expectancy claim in relation to the transfer of Jeski's condominium. Based on these conclusions, Clark's motion to dismiss Count V of Dal Compo's Cross-Complaint is denied in part and granted in part as stated herein.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Myra Clark's Answer to Joseph Dal Compo's Claim for Proceeds and Motion to Dismiss Cross-Claims Against Myra Clark (Dkt. #18) is GRANTED IN PART AND DENIED IN PART as stated herein.

2. Co-Defendant/Cross-Claimant, Joseph Dal Compo, may within sixty (60) days of the entry of this Order amend his cross-complaint to specifically plead fraud (Count II), and/or pre-suit demand pursuant to Fla. Stat. §772.11 (Count IV).

3. Co-Defendant/Cross-Defendant, Myra Clark, shall file an answer to Counts I, III, and V of Cross-Claimant's Complaint within ten (10) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-462.mt dismiss 18.wpd